IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL J. RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:20-CV-723-RAH-KFP |
| ) | |
| HENRY COUNTY SHERIFF'S OFFICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Daniel J. Rodriguez, appearing pro se, brings this action against Defendant Chief Bradley[1], alleging multiple constitutional violations arising from his arrest in July 2020. *See* Doc. 1. On July 23, 2021, the undersigned entered a Recommendation finding that Plaintiff had failed to demonstrate proper service on Chief Bradley. *See* Doc. 26. On September 21, 2021, the District Judge entered an order adopting the undersigned's July 23 Recommendation and referring this case back to the undersigned "for additional proceedings, including an order directing the Plaintiff to file an amendment to his Complaint which states a valid address for Chief Bradley at which service of process can be effected." Doc. 27 at 2. Accordingly, on October 1, 2021, the undersigned ordered Plaintiff to "file an amendment to his Complaint that states a valid address at which service of process can be effected on Chief Bradley" by October 15, 2021. Doc. 28. The Court expressly warned Plaintiff that this case cannot proceed without proper service on the

---

[1] All other named defendants have been dismissed. *See* Docs. 26, 27.

single remaining defendant and, thus, his failure to comply with the order as directed would result in a Recommendation that this case be dismissed. *Id.* at 2.

Two weeks have passed since the Court's deadline, and Plaintiff has neither complied with nor responded to the undersigned's October 1 Order. This is not the first time Plaintiff has failed to comply with a Court order; on May 4, 2021, the Court ordered Plaintiff to respond to Defendants' motions to dismiss and show cause why they should not be granted by May 24, 2021 (*see* Doc. 24), and Plaintiff never responded. Indeed, Plaintiff has not participated in this litigation since filing his Complaint more than a year ago.

This failure to participate reflects a lack of interest in prosecuting this case. This case cannot proceed without Plaintiff's participation. Under these circumstances, the Court finds that lesser sanctions than dismissal are not appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Thus, this case is due to be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of plaintiff's action for failure to file amended complaint in compliance with court's order and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers*

2

*Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a district court "possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to comply with multiple Court orders. It is further

ORDERED that, on or before **November 11, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of October, 2021.

        /s/ Kelly Fitzgerald Pate
        KELLY FITZGERALD PATE
        UNITED STATES MAGISTRATE JUDGE